ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES DEWEESE            )  1:CV. NO. 03- 490
                         )
        Plaintiff        )
                         )
    vs.                  )
                         )
WARDEN DOMINCIK DEROSE,  )
And DAUPHIN COUNTY       )     JURY TRIAL DEMANDED
                         )
        Defendants       )

FILED
HARRISBURG, PA

MAR 20 2003

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

## COMPLAINT

### INTRODUCTORY STATEMENT

This is a civil rights complaint brought by a Deputy Warden at Dauphin County Prison against the Warden and Dauphin County for deprivations of 1st Amendment rights. Over a period of many years the plaintiff reported and complained of numerous violations of prison regulations and law to County Commissioners and to the Warden including physical assaults on prisoners by top staff, the misuse of County resources, unlawful hiring practices, violations of 4th Amendment prohibitions against invasions of privacy and other violations of law. As a result of doing his duty, and because he reported and complained of improper actions and the misconduct of prison staff plaintiff suffered retaliation in the form of pay

1

losses, threats, and the loss of other emoluments. Plaintiff is being forced out of his job.

## JURISDICTION AND VENUE

2.) Jurisdiction is conferred on this Court by 28 U.S.C. 1331 and 28 U.S.C. 1343 (a)(3) and (4) and by the remedial statute 42 U.S.C. 1983.

3.) A jury trial is demanded.

4.) Attorneys fees are requested pursuant to 42 U.S.C. 1983.

5.) Venue is properly in the Middle District of Pennsylvania because all witnesses, facts, and parties are common to Dauphin County Pennsylvania.

## RIGHTS VIOLATED

6.) Plaintiff's 1st Amendment rights not to suffer adverse personnel actions for speaking out on matters of public concern has been violated by defendants.

## PARTIES

7.) The plaintiff James DeWeese is a Deputy Warden at Dauphin County Prison (DCP). He is a public employee.

8.) The defendant Dominick DeRose is the Warden at Dauphin County Prison.

9.) Dauphin County is a municipal entity in Pennsylvania where Dauphin County Prison is located and is responsible for the management of the prison. DeRose is a policy maker for Dauphin County.

## OPERATIVE FACTS

10.) As aforementioned, plaintiff is a Deputy Warden at Dauphin County Prison where he has worked for many years.

11.) Plaintiff has always acted in a proper and responsible manner.

12.) During his career the plaintiff became concerned that matters of public concern were not being handled lawfully or otherwise properly by prison staff and even the defendant DeRose, and that by reporting these problems to DeRose that corrections would be made.

13.) Thus plaintiff complained and reported to Warden DeRose about a litany of unlawful actions to include the beatings of prisoners, the unlawful use of law enforcement resources, the unlawful use of public emolument and funds by top staff at the prison, and other matters.

14.) Plaintiff specifically reported incidents and information about inmate abuse to include assaults and other physical abuse by prison personnel to Warden DeRose who refused to investigate or otherwise take action.

15.) The incidents had in some cases been perpetrated by top staff officers at the prison.

16.) Plaintiff also reported his concerns to Dauphin County Commissioner Anthony Petrucci over a number of years.

17.) Plaintiff complained to Commissioner Petrucci about DeRose and others being paid while on County time to play golf in a "Tuesday-Thursday" league and also about vendors paying money to provide entertainment such as baseball tickets to top staff at the prison. No corrective action was taken.

18.) During a recent lawsuit against the prison, plaintiff again told DeRose of many improper instances of inmate abuse and DeRose told plaintiff not to reveal them unless specifically asked and only to answer yes or no. To the best of plaintiff's knowledge DeRose did not take any action to investigate any of the incidents.

19.) Plaintiff alleges that Warden DeRose has retaliated against the plaintiff for speaking up and speaking out on these matters.

20.) At one point plaintiff complained that the use of law enforcement computers and data banks to seek arrest information about private citizens for the Warden's private purposes was improper but plaintiff was ordered to

4

do the search anyway and report directly to DeRose. Plaintiff did as ordered for fear of loosing his job.

21.) Plaintiff also alleges that Dauphin County Commissioner Petrucci shared plaintiff's revaluations to him about wrongdoing to Warden DeRose.

22.) Plaintiff was denied pay increases by Warden DeRose as retaliation for plaintiffs' having spoken up and complaining about matters of public concern to Commissioner Petrucci and to Warden DeRose.

23.) When plaintiff asked DeRose why he was being denied the normal pay increases awarded to others DeRose replied that the County Commissioner has made the decision and that something had happened down town.

24.) When plaintiff went to Mr. Petrucci and asked him why he was denied the normal increase in pay afforded others Mr. Petrucci told him that County Commissioners had delegated that authority to Warden DeRose and he made those decisions.

25.) Plaintiff alleges he was denied these increases as a way to retaliate and as a way to pressure plaintiff out of his job.

26.) By giving DeRose the authority to decide pay rates and increase and to also set other County policies by and through the Countys Prison

Board, Dauphin County has made DeRose a policy maker and as such his decisions are the decisions of Dauphin County.

27.) Consequently Dauphin County is liable under federal law for maintaining a custom, practice, and usage, through Mr. DeRose, of denying just, fair, and equal compensation as a form of retaliation to persons who report and complain of matters of public concern.

28.) When giving a deposition in a prior case, Deputy Warden DeWeese admitted to questioning under oath that he had talked to the FBI about prison conditions they were investigating at DCP.

29.) Since that time DeRose has been particularly threatening and negative towards plaintiff because plaintiff didn't tell DeRose he was questioned (due to the FBI's express request).

30.) Although DeRose seemed visibly upset when Mr. DeRose revealed the FBI interview he told DeWeese he had been informed of the FBI probe before and when they did it even though he was a potential target.

31.) And a result of the defendants retaliation plaintiff has been subjected to severe emotional trauma, has been financially injured, and has been put in fear of expressing himself on his job and about impart public policy matters.

32.) Consequently plaintiff seeks damages for the deprivation of 1st Amendment rights, emotional trauma, humiliation, pain and suffering, and special damages in an amount equal to the pay differential for raises he has been unlawfully denied.

**WHERFORE** plaintiff demanded judgment of the defendants jointly and severally for the deprivation of his federally guaranteed rights to be free of retaliation, for exercise his 1st Amendment rights for emotional trauma, pain and suffering, humiliation and for special damages equal to his being denied normal pay increases together with fees, costs, attorneys fees, and such other relief as the Court may deem appropriate.

Respectfully Submitted,

Don Bailey Esquire
***BAILEY STRETTON & OSTROWSKI***
4311 N. 6th Street
Harrisburg, Pa  17110
(717) 221-9500

7

```
Thu Mar 20 14:37:30 2003

   UNITED STATES DISTRICT COURT
      SCRANTON      , PA

Receipt No.   111 138382
Cashier          jill

Check Number: 3548

D# Code    Div No
A667         1

Sub Acct Type Tender      Amount
1:510000  N     2          90.00
2:086900  N     2          60.00

Total Amount         $   150.00

DON & ADRIENNE BAILEY 4015 N. 2ND ST
HBG., PA 17110

FILING FEE FOR COMPLAINT IN 1:CV-03-
490

cn
```