IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES DEWEES,** | : | **CIVIL NO. 1:CV-03-490** |
| **Plaintiff** | : | |
| **v.** | : | |
| **WARDEN DOMINICK DEROSE,** **et al.,** | : | |
| **Defendants** | : | |

      *     *     *     *     *     *     *

| | | |
|---|---|---|
| **CHRISTINE HOOVER,** *et al.*, | : | **CIVIL NO. 1:CV-03-1781** |
| **Plaintiffs** | : | |
| **v.** | : | |
| **MAJOR STEWART,** *et al.*, | : | |
| **Defendants** | : | |

## MEMORANDUM AND ORDER

Before the court is "Plaintiffs['] Nunc Pro Tunc Motion for Sanctions

Against Frank Lavery, Esq. Pursuant to Fed. R. Civ. P. 11." The motion was filed

by Attorney Don Bailey, who represented the plaintiffs in the above-captioned

matters. In the motion, Mr. Bailey alleges that Mr. Lavery, who was defense counsel

in these cases, made misrepresentations regarding Mr. Bailey's wife's video

deposition company, PR Video, that were known by him to be false. Specifically,

Mr. Bailey asserts that Mr. Lavery "indicate[d] to a federal court judge" during

proceedings in the above-captioned matters that Mr. Bailey and his wife "were

intentionally altering ('fudging') transcripts produced by 'PR Video.' " (Mot.

Sanctions ¶ 1.)  Mr. Bailey contends that such conduct violates Rule of Professional

Conduct 8.4(c).  Upon consideration of Mr. Bailey's motion, the court concludes

that said motion is defective on its face.  Thus, the court will deny the motion.

A motion for sanctions under Rule 11 applies only to "a pleading,

written motion, or other paper."  Fed. R. Civ. P. 11(b); *see also Chambers v.*

*NASCO, Inc.*, 501 U.S. 32, 41 (1991) (noting that Rule 11 "governs only papers filed

with a court").  Mr. Bailey's motion for sanctions relates to *comments* Mr. Lavery

allegedly made during the litigation of the above-captioned matters.  Rule 11,

however,

> applies only to assertions contained in papers filed with or
> submitted to the court.  It does not cover matters arising
> for the first time during oral presentations to the court,
> when counsel may make statements that would not have
> been made if there had been more time for study and
> reflection.

Fed. R. Civ. P. 11, Advisory Comm. Notes, 1993 Amendments.  Thus, Mr. Bailey's

motion for sanctions under Rule 11 is ill-founded.

Additionally, the Third Circuit has "adopted a supervisory rule requiring

parties to file all motions for Rule 11 sanctions before entry of the court's final

order."  *Prosser v. Prosser*, 186 F.3d 403, 405 (3d Cir. 1999) (citing *Mary Ann*

*Pensiero, Inc. v. Lingle*, 847 F.2d 90, 100 (3d Cir. 1988)).  The purpose of this rule

is to promote "judicial efficiency, timeliness, and notice."  *Prosser*, 186 F.3d at 406.

The instant motion for sanctions has been filed long after the completion of both the

above-captioned cases and long after the alleged wrongdoing.  The *Hoover* case was

dismissed on November 29, 2004, and the alleged misconduct occurred at a pre-trial

conference held on November 19, 2004.  *Dewees* was closed on May 20, 2005, and

the alleged misconduct occurred at a pre-trial conference held on October 15, 2004.[1]

To allow Mr. Bailey to pursue sanctions against Mr. Lavery at this point would fly in

the face of "judicial efficiency, timeliness, and notice." *Prosser*, 186 F.3d at 406.

In accordance with the foregoing, **IT IS HEREBY ORDERED**

**THAT** "Plaintiffs['] Nunc Pro Tunc Motion for Sanctions Against Frank Lavery,

Esq. Pursuant to Fed. R. Civ. P. 11" is **DENIED**.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  August 10, 2005.

---

[1]A jury verdict in *Dewees* was rendered on November 16, 2004, and the court resolved the post-trial motions on May 20, 2005.